IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBBIE D. BISPO, | CV. 05-1223-PK |
| Plaintiff, | FINDINGS AND |
| v. | RECOMMENDATION |
| GSW INC.; AMERICAN WATER HEATER COMPANY dba US CRAFTMASTER; INVENSYS PLC; MAPLE CHASE COMPANY dba INVENSYS CLIMATE CONTROLS AMERICA and dba ROBERTSHAW INDUSTRIAL PRODUCTS; ROBERTSHAW CONTROLS COMPANY dba INVENSYS APPLIANCE CONTROLS and dba INVENSYS CONTROLS; LOWE'S HIW, INC.; BLUE STAR GAS SERVICE dba BLUE STAR GAS SERVICE LTD.; BLUE STAR GAS CO.; CHEVRON U.S.A., INC.; and FIRST DOE through TWENTIETH DOE, inclusive. | |
| Defendants. | |

PAPAK, Magistrate Judge:

Plaintiff Robbie Bispo filed this products liability action to recover for injuries he sustained in an explosion and flash fire involving an LP gas-fueled water heater. Bispo alleges that the LP gas in the water heater had been produced, formulated, processed, serviced, manufactured, designed, tested, inspected, sold, and distributed by defendant Blue Star Gas Co. (BSGC) or defendant Blue Star Gas Service (BSGS).

Before this court are two motions:

(1) BSGC's 12(b)(2)[1] Motion to Dismiss (No. 82) for lack of personal jurisdiction; and

(2) BSGS's 12(b)(6) Motion to Dismiss[2] (No. 80) for failure to state a claim.

BSGC and BSGS initially filed motions to dismiss on the above stated grounds and oral argument was heard on December 14, 2005. At that time, the court expressed its concern that the motions were relying on information outside of the pleadings and Bispo had not had an opportunity to conduct any discovery. Defendants voluntarily withdrew their motion and the court granted Bispo 60 days to conduct discovery relating to the corporate status of BSGC and BSGS and any relationship between the two companies. Following the limited discovery period, BSGC and BSGS re-filed their motions and a second oral argument was held on May 11, 2006.

---

[1] BSGC filed its motion under Fed. R. Civ. P. 12(b)(6). The appropriate rule for BSGC's motion is Fed. R. Civ. P. 12(b)(2), which is the defense of lack of jurisdiction over the person.

[2] BSGS filed its motion under Fed. R. Civ. P. 12(b)(6). As explained in more detail below, the court has decided that this motion to dismiss should be converted to a motion for summary judgment under Fed. R. Civ. P. 56.

For the reasons that follow, Blue Star Gas Co.'s 12(b)(2) Motion to Dismiss should be granted and Blue Star Gas Service's 12(b)(6) Motion to Dismiss should be granted.

## FACTS

In July 2003, Bispo attempted to light the pilot light of a LP gas-fueled water heater installed in the basement of a building in Fort Jones, California. The LP gas exploded, causing a flash fire, and Bispo was seriously injured. About two weeks prior to the accident, Bispo had purchased approximately seven gallons of LP gas at a service station operated by defendant Chevron U.S.A, Inc. (Chevron) in Fort Jones, California.

BSGS and BSGC have a parent-subsidiary relationship; BSGC owns 100% of the stock of BSGS. Both companies are California corporations. BSGS is also registered to do business in Oregon as a foreign corporation.

The two companies restrict their management and sales activities to geographically defined areas. BSGC manages and controls the Blue Star gas plants located in Garberville, California, Mt. Shasta, California, Anderson, California, Santa Rosa, California, and Upperlake, California. Those five plants provide LP gas to California entities, including the Chevron service station at Fort Jones. Neither BSGC nor any of the plants under the management and control of BSGC has ever supplied LP gas to any entity within the state of Oregon. In fact, BSGC conducts no business in Oregon.

BSGS manages and controls the Blue Star gas plants located in McMinnville, Oregon and Central Point, Oregon. Those two plants provide LP gas to entities within Oregon and a few entities located in California, along or near the California-Oregon border. None of the plants

managed and controlled by BSGS has ever sold LP gas to the Chevron service station in Fort Jones, California.

## 12(b)(2) MOTION TO DISMISS

Defendant BSGC moves to dismiss Plaintiff's claims against BSGC on the grounds that BSGC is not subject to personal jurisdiction in the State of Oregon.

I.      Legal Standard

The plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977) (citing KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936)).  No statutory guidance exists regarding the method for determining whether personal jurisdiction exists.  Id.  District courts, therefore, have some flexibility in resolving motions to dismiss for lack of personal jurisdiction, and the manner of resolution will affect the burden that the plaintiff is required to meet. Id.

If the court limits its consideration to affidavits and discovery material, plaintiff need only make a prima facie showing of jurisdictional facts in order to survive defendant's motion to dismiss. Id.  "Prima facie" showing means that the plaintiff has demonstrated facts that if true would support a finding of jurisdiction. Data Disc, 557 F.2d at 1285; Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).  In determining whether a plaintiff has met this burden, uncontroverted allegations in the complaint "must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor ...." AT & T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (citing WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989)).

If a court holds an evidentiary hearing the plaintiff must carry its burden of establishing jurisdiction with a preponderance of the evidence.  Id.

II.   Analysis

To establish personal jurisdiction, Bispo must show that the forum state's long-arm statute confers personal jurisdiction over the defendant, and that the exercise of personal jurisdiction over the defendant does not violate federal constitutional principles of due process. Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir. 1986). Oregon's long-arm statute permits the exercise of jurisdiction over a defendant to the extent permitted by federal due process.  ORCP 4(L); Gray & Co. v. Firstenberg Machinery Co., Inc., 913 F.2d 758, 760 (9th Cir. 1990).  The only issue before this court, therefore, is whether exercising jurisdiction over the defendants would comport with due process.  Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

In the absence of a traditional basis for asserting jurisdiction (i.e. physical presence, domicile, or consent), federal due process requires that a defendant have at least "minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted).  If a nonresident defendant's contacts with the forum state are substantial or continuous and systematic, the court may assert general jurisdiction over a claim, even if the claim is unrelated to the defendant's forum activities.  Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986) (citations omitted).  "The standard for establishing general jurisdiction is fairly high and requires that the defendant's contacts be of the sort that approximate physical presence."  Bancroft & Masters, Inc. v. Augusta

Page 5 - FINDINGS AND RECOMMENDATION

Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citations omitted).  If the nonresident defendant's contacts are neither substantial nor continuous and systematic, the court may still exercise specific jurisdiction if the claim arises out of or is related to the defendant's activities in the forum state.  Hirsch, 800 F.2d at 1477 (citations omitted).

Here, Bispo does not argue that the court may exercise specific jurisdiction, or that BSGC has substantial or continuous and systematic contacts with the State of Oregon.  Rather, Bispo argues that BSGC is subject to general jurisdiction in Oregon because BSGS sold and distributed LP gas in the State of Oregon, and therefore had continuous and systematic contacts with Oregon, and those contacts are imputed to BSGC because BSGS is the alter ego of BSGC.

Neither BSGC nor BSGS disputes the contention that BSGS has sufficient contacts with the state of Oregon to justify general jurisdiction.  The issue before the court, therefore, is whether those contacts can be imputed to BSGC.

The Ninth Circuit has stated that "a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes."  Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1134 (9th Cir. 2003) (citations omitted).  A subsidiary's contacts may be imputed to the parent, however, if the subsidiary is acting as the parent corporations "alter ego" or general agent.  Id.  (citations omitted).

Here, Bispo has argued that BSGS is the alter ego of BSGC.[3]  In order to hold that a subsidiary is the alter ego of a parent, the court must first find that the parent company controlled the subsidiary company to such a degree that the separate personalities of the two companies no longer exists.  Harris Rutsky & Co. Ins. Services, 328 F.3d at 1134-35 (citation omitted); Amfac

---

[3]Bispo did not make an argument based on general agency.

Page 6 - FINDINGS AND RECOMMENDATION

Foods v. Int'l. Systems, 294 Or. 94, 108, 654 P.2d 1092 (1982).[4] Here, the court finds that Bispo has failed to present a prima facie case as to this element.

Bispo presents evidence showing that BSGC owns 100% of the BSGS stock. In addition, the two companies have identical corporate officers, share a general headquarters, use identical promotional materials, have identical insurance policies with same policy number, and use the same accounting and law firms. Finally, the two companies share a common website, www.bluestar.com, for marketing purposes. The website refers to the "Blue Star family" and makes no reference to the fact that BSGS and BSGC are separate corporate entities.

In response, BSGC relies upon the uncontroverted affidavit of Jeff Stewart, Vice President of BSGC and BSGS, stating that the entities are separate and distinct corporations that maintain separate corporate books, and manage and control separate plant locations. As for the website, when customers access the common website, they are serviced by the company that has responsibility for the geographical location of the customer. And, most importantly, Stewart testifies that no Blue Star entity controls or directs the activities of any other Blue Star entity.

The evidence relied upon by Bispo does not show that BSGC's dominated BSGS. Rather the evidence reflects a normal parent-subsidiary relationship. The Ninth Circuit has explained that "a parent corporation may be directly involved in the activities of its subsidiaries without incurring liability so long as that involvement is consistent with the parent's investor status." Doe

---

[4]The second step of the alter ego analysis requires the court to determine whether failure to disregard the companies' separate corporate status would result in fraud or injustice. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1134-35 (9th Cir. 2003) (citation omitted); Amfac Foods v. Int'l. Systems, 294 Or. 94, 108, 654 P.2d 1092 (1982). Because the court finds that the plaintiff has failed to establish the first element of the alter ego analysis, the court need not address this second step.

Page 7 - FINDINGS AND RECOMMENDATION

v. Unocal Corp., 248 F.3d 915, 926 (9th Cir. 2001) (citation omitted).  Because BSGC and BSGS maintain the separate legal identities and do not go beyond a normal parent-subsidiary relationship, the court should not "pierce the corporate veil" and impute the contacts of BSGS to BSGC.  BSGC's Motion to Dismiss for lack of personal jurisdiction should therefore be granted.

## 12(b)(6) MOTION TO DISMISS

Defendant BSGS moves to dismiss Bispo's claims against BSGS on the grounds that Bispo has named the wrong Blue Star entity in this action.  Specifically, BSGS argues that BSGS and BSGC are separate and distinct entities, and that BSGS has never sold or distributed LP gas to the Chevron service station in Fort Jones, California.

I.      Legal Standard

A court deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is limited to the pleaded allegations, documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  If a district court considers other extrinsic evidence, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). The decision whether to convert the motion to dismiss to a motion for summary judgment is left to the discretion of district court.  Columbia River People's Utility

Page 8 - FINDINGS AND RECOMMENDATION

Dist. v. Portland Gen. Elec. Co., 40 F. Supp. 2d 1152, 1153-54 (D. Or. 1999).

Here, the court will convert this motion to a Motion for Summary Judgment because the parties were put on notice at the first oral argument of the court's intent to convert a motion relying on materials outside the pleadings to a summary judgment, the parties have engaged in some discovery, and Bispo has essentially consented to the conversion. (Plaintiff's Response to Defendant BSGS's Motion to Dismiss at 4.)

Rule 56 of the Federal Rules of Civil Procedure allows the granting of summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the district court's role is not to weigh the evidence, but merely to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249; Freeman, 125 F.3d at 735.

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Only after the moving party has made such a showing does the burden shift to the opposing party to show that a genuine issue of fact remains. See Fed. R. Civ. P. 56(e).

To establish the existence of a genuine issue of material fact, the non-moving party must make an adequate showing as to each element of the claim on which the non-moving party will bear the burden of proof at trial. See Celotex Corp., 477 U.S. at 322-23; see also Taylor v. List,

Page 9 - FINDINGS AND RECOMMENDATION

880 F.2d 1040, 1045 (9th Cir. 1989); Harper, 877 F.2d at 731. The opposing party may not rest on conclusory allegations or mere assertions, see Taylor, 880 F.2d at 1045; Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988), but must come forward with significant probative evidence, see Anderson, 477 U.S. at 249-50; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). The evidence set forth by the non-moving party must be sufficient, taking the record as a whole, to allow a rational jury to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Taylor, 880 F.2d at 1045.

II.     Analysis

Bispo has alleged that BSGS supplied LP gas to the Chevron service station in Fort Jones. BSGS has presented uncontroverted affidavit testimony stating that it has never sold or supplied LP gas to that station. Bispo has failed to come forward with any evidence that would create a question of fact on this issue. Bispo argues instead that BSGS can be held liable because it is the alter ego of BSGC. As noted above, however, the court has found that the two entities maintained their separate identities and thus cannot be held liable on an alter ego theory. BSGS's motion to dismiss should therefore be granted.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

CONCLUSION

Page 10 - FINDINGS AND RECOMMENDATION

For the foregoing reasons, Defendant Blue Star Gas Co.'s 12(b)(2) Motion to Dismiss (No. 82) should be GRANTED and Defendant Blue Star Gas Service's 12(b)(6) Motion to Dismiss (No. 80) should be GRANTED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due May 30, 2006.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 15th day of May, 2006.

     /s/ Paul Papak
Honorable Paul Papak
U.S. Magistrate Judge