FILED'06 JUL 28 10:19 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBBIE D. BISPO,                                  05-CV-1223-PK

        Plaintiff,                        ORDER

v.

GSW, INC.; AMERICAN WATER HEATER
COMPANY dba US CRAFTMASTER; INVENSYS
PLC; MAPLE CHASE COMPANY dba INVENSYS
CLIMATE CONTROLS AMERICA and dba
ROBERTSHAW INDUSTRIAL PRODUCTS;
ROBERTSHAW CONTROLS COMPANY dba
INVENSYS APPLIANCE CONTROLS and dba
INVENSYS CONTROLS; LOWE'S HIW, INC.;
BLUE STAR GAS SERVICE dba BLUE STAR
GAS SERVICE LTD.; BLUE STAR GAS CO.;
CHEVRON U.S.A., INC.; and FIRST DOE
through TWENTIETH DOE, inclusive,

        Defendants.

1 - ORDER

**BROWN, Judge.**

Magistrate Judge Paul Papak issued Findings and Recommendation (#95) on May 17, 2006, in which he recommended the Court grant Defendant Blue Star Gas Co.'s Motion to Dismiss (#82) and grant Defendant Blue Star Gas Service's Motion to Dismiss (#80). Defendant Blue Star Gas Co.; Defendant Blue Star Gas Service; Defendant Chevron U.S.A., Inc.; and Plaintiff Robbie D. Bispo filed timely objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). Because the objecting parties did not arrange for the transcription of the record pursuant to Fed. R. Civ. P. 72(b) nor did any party protest the lack of a transcript, the Court did not review a transcript or tape recording of the proceedings before the Magistrate Judge as part of the Court's *de novo* review. *See Spaulding v. Univ. of Wash.*, 686 F.2d 1232, 1235 (9th Cir. 1982).

2 - ORDER

This Court has reviewed the pertinent portions of the record *de novo*. Although the Court adopts the analysis in the Findings and Recommendation, the Court notes Defendant Chevron U.S.A, Inc., correctly asserts in its Objection to the Findings and Recommendation that the statement in the Fact section that Chevron operated the service station in Fort Jones, California, at which Bispo purchased the approximately seven gallons of LP gas is disputed and has not been resolved. This disputed fact, however, appears to be irrelevant to the Motions currently before the Court. Thus, the Court adopts the Magistrate Judge's Findings and Recommendation except for the noted statement.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#95) except as herein specified. Accordingly, the Court **GRANTS** Defendant Blue Star Gas Co.'s Motion to Dismiss (#82) and **GRANTS** Defendant Blue Star Gas Service's Motion to Dismiss (#80).

IT IS SO ORDERED.

DATED this 27th day of July, 2006.

_____
ANNA J. BROWN
United States District Judge

3 - ORDER