IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBBIE D. BISPO, | CV. 05-1223-PK |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| GSW INC.; AMERICAN WATER HEATER COMPANY dba US CRAFTMASTER; INVENSYS PLC; MAPLE CHASE COMPANY dba INVENSYS CLIMATE CONTROLS AMERICA and dba ROBERTSHAW INDUSTRIAL PRODUCTS; ROBERTSHAW CONTROLS COMPANY dba INVENSYS APPLIANCE CONTROLS and dba INVENSYS CONTROLS; LOWE'S HIW, INC.; BLUE STAR GAS SERVICE dba BLUE STAR GAS SERVICE LTD.; BLUE STAR GAS CO.; CHEVRON U.S.A., INC.; and FIRST DOE through TWENTIETH DOE, inclusive. | |
| Defendants. | |

PAPAK, Magistrate Judge:

Page 1 - FINDINGS AND RECOMMENDATION

Plaintiff Robbie Bispo filed this products liability and negligence action to recover for injuries he sustained in an explosion and flash fire involving a Liquid Propane Gas (LPG) water heater.  Bispo alleges that defendant Chevron U.S.A., Inc. ("Chevron"), operated the service station, Stage Stop III, where Bispo purchased the LPG.  Chevron filed a Motion for Summary Judgment (No. 120) against Bispo's strict liability and negligence claims on the grounds that Chevron did not own or operate Stage Stop III.   In his opposition memo, Bispo argued that the operator of Stage Stop III was an actual or apparent agent of Chevron, and sought leave to amend his complaint to allege that agency relationship.  For the reasons set forth below, Bispo's request to amend his complaint should be denied and Chevron's Motion for Summary Judgment (No. 120) should be granted.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is not proper if material factual issues exist for trial.  See, e.g., Celotex Corp. v. Catrett, 477 U.S. 318, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 116 S.Ct. 1261 (1996).  In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence.  See, e.g., Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-55 (1990); Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000).

## FACTUAL BACKGROUND

In July 2003, Bispo attempted to light the pilot light of a LPG water heater installed in a building in Fort Jones, California. The LPG exploded, causing a flash fire, and Bispo was seriously injured. About two weeks prior to the accident, Bispo had purchased approximately seven gallons of LP gas at the Stage Stop III service station in Fort Jones, California.

Bispo alleged in his complaint that Stage Stop III was operated by defendant Chevron. In fact, since 1989, Stage Stop III has been operated by Cross Petroleum, Inc., and D&J Partnership. Chevron does not have any ownership interest in Cross Petroleum or D&J Partnership.

In August 2000, Chevron entered into a Jobber Petroleum Products Agreement ("Jobber Agreement") with Cross Petroleum, pursuant to which Chevron supplied Cross Petroleum with specified quantities of Chevron branded gasoline and diesel fuel, which Cross Petroleum then sold to the general public. As part of the Jobber Agreement, Chevron also executed an Authorization Letter for Branded Retail Outlets with Cross Petroleum, which specified the terms and conditions for which Cross could use the Chevron insignia at Stage Stop III.

Chevron does not sell or distribute LPG. At all times relevant to this action, any LPG sold at Stage Stop III was provided by an entity identified as Blue Star Gas.

## ANALYSIS

**I. Leave to Amend**

In response to Chevron's motion, Bispo acknowledges that Chevron does not operate Stage Stop III, but argues that Chevron may be held vicariously liable because Cross Petroleum is the actual or apparent agent of Chevron. Bispo did not allege vicarious liability in his

complaint. As an initial matter, therefore, the court must decide whether Bispo may amend his complaint to allege vicarious liability.

Once the defending party files its response to the initial complaint, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While not automatically granted, this rule is to be interpreted with "extreme liberality." Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted). Granting a motion to amend the pleadings falls to the court's discretion, Sweaney v. Ada County, 119 F.3d 1385, 1392 (9th Cir. 1997), and federal policy favors determination of cases on their merits, Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973).

In determining whether to grant a motion to amend the complaint, the court considers whether the amendment would be unduly prejudicial to the opposing party, whether the motion is made in bad faith, or whether the proposed amendment would be futile. Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). A proposed amendment would be futile if no set of facts can be proved under the amendment which would constitute a valid claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted).

Here, I find that allowing Bispo to amend his complaint would result in no real prejudice to Chevron. The parties are still engaged in discovery and the dispositve motion deadline is eight months away. Nonetheless, based on the record before me, and as discussed more fully below, I find that it would be futile for Bispo to amend his complaint to allege vicarious liability and therefore recommend that his request to amend be denied.

**II. Choice of Law**

A federal court sitting in diversity must apply "the forum state's choice of law rules to determine the controlling substantive law." Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002). The first step under Oregon's choice of law analysis is to determine whether there is a material difference between Oregon substantive law and the law of California. Portland Trailer & Equipment, Inc. v. A-1 Freeman Moving & Storage, Inc., 182 Or. App. 347, 352, 49 P.3d 803, 806 (Or. App. 2002). If there is no material difference, there is a "false conflict," and Oregon law governs. Id. (citations omitted). If there is an actual conflict, then the court must determine which state has the more significant relationship and apply that state's law. Id.

Bispo lays out the law for California and Oregon with respect to vicarious liability for a franchisor and argues that there is no material difference and, therefore, the court should apply Oregon law. Chevron argues that there is conflict in the substantive law, but does not identify the conflict. I do not see an actual conflict between California and Oregon. Both California and Oregon allow for vicarious liability on the theory of apparent agency where the principal holds out the third party as an agent and the plaintiff justifiably relies on that representation. See, e.g., Themins v. Emanuel Lutheran, 54 Or. App. 901, 637 P.2d 155 (1981) and Preis v. Am. Indem. Co., 269 Cal. Rptr. 617, 623 (Cal. Ct. App. 1990). I therefore apply Oregon law.[1]

**III. Vicarious Liability**

Bispo argues that Cross Petroleum is the apparent or ostensible agent of Chevron.[2] The

---

[1] Even if I were to apply California law on vicarious liability, however, I would reach the same result as set out below.

[2] In his opposition memo, Bispo argued that Chevron could be held liable under theories of actual agency and apparent or ostensible agency. At oral argument, however, Bispo conceded

Page 5 - FINDINGS AND RECOMMENDATION

relevant standard for apparent agency is in *Restatement (Second) of Agency,* § 267, which the Oregon Court of Appeals adopted in <u>Themins v. Emanuel Lutheran</u>, 54 Or. App. 901, 637 P.2d 155 (1981):

> One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.

<u>Miller</u>, 150 Or. App. at 282, 945 P.2d at 1111 - 1112. In <u>Miller</u>, the court stated that the crucial questions in determining whether there is a jury question of apparent agency in the franchisor/franchisee context are whether the franchisor held the franchisee out as an agent and whether the plaintiff relied on that holding out. <u>Id.</u> at 282, 945 P.2d at 1111-1112.

Bispo argues that Chevron held out Cross Petroleum as an agent by allowing the Chevron insignia to be displayed at Stage Stop III and on the Stage Stop III employees' uniforms. Bispo states in his affidavit that he went to Stage Stop III to purchase the LPG in reliance upon Chevron's general reputation for providing quality products and because he believed the station was owned and operated by Chevron. The court finds that Bispo has put forward sufficient evidence to create a question of fact as to his reliance. Bispo has not, however, created a question of material fact as to whether Chevron "held out" Cross Petroleum as an agent.

The parties agree that Chevron did not retain the ability to exert any influence over Cross Petroleum's decision to purchase and resell LPG. And, while LPG and the Chevron gasoline and diesel fuel are in the same class of products, neither Bispo nor Chevron could point the court to a

---

that actual agency does not exist under the facts of this case.

Page 6 - FINDINGS AND RECOMMENDATION

case where a franchisor has been held vicariously liable for the franchisee's decision to purchase and resell a product that is within the same class of products as the franchisor's where the franchisor did not exert any control over that decision.  Chevron's liability, therefore, would hinge solely on Cross Petroleum's use of the Chevron insignia.

Pursuant to the Jobber Agreement and the Authorization Letter for Branded Retail Outlets, Cross Petroleum was authorized to use the Chevron insignia subject to Chevron's approval.  Cross Petroleum was not *required* to use the insignia.  Cross Petroleum could have sold the Chevron gasoline and diesel fuel without identifying them as Chevron products.  Moreover, nothing in the Jobber Agreement or the Authorization Letter for Branded Retail Outlets required Stage Stop III to maintain a common image that was dictated by Chevron and identified the service station with Chevron. Chevron made no affirmative effort to hold out Stage Stop III as an agent, and therefore cannot be held liable on a theory of apparent agency.  cf. Miller, 150 Or. App. at  284, 945 P.2d at 1183 (finding question of fact on issue of apparent agency where everything about appearance and operation of franchisee identified it with franchisor and franchisor's "common image").

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Page 7 - FINDINGS AND RECOMMENDATION

CONCLUSION

For the reasons set forth above, Chevron's Motion for Summary Judgment (No. 120) should be GRANTED and Bispo's request to amend his complaint should be DENIED.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 8, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 25th day of May, 2007.

  /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge