```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF OREGON
```

**ROBBIE D. BISPO,**                                          05-CV-1223-PK

        Plaintiff,                                    ORDER

v.

**GSW, INC.; AMERICAN WATER HEATER
COMPANY dba US CRAFTMASTER; INVENSYS
PLC; MAPLE CHASE COMPANY dba INVENSYS
CLIMATE CONTROLS AMERICA and dba
ROBERTSHAW INDUSTRIAL PRODUCTS;
ROBERTSHAW CONTROLS COMPANY dba
INVENSYS APPLIANCE CONTROLS and dba
INVENSYS CONTROLS; LOWE'S HIW, INC.;
BLUE STAR GAS SERVICE dba BLUE STAR
GAS SERVICE LTD.; BLUE STAR GAS CO.;
CHEVRON U.S.A., INC.; and FIRST DOE
through TWENTIETH DOE, inclusive,**

        Defendants.

**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (#226) on August 27, 2008, in which he recommended

1- ORDER

the Court grant the Amended Motion for Summary Judgment (#178) of Defendants Invensys PLC, Maple Chase Company, and Robertshaw Controls Company (Robertshaw) and deny as moot Defendant Robertshaw's Motion (#186) to Exclude Testimony of Experts Dunn, Stubbs & Romig.  Plaintiff filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

Plaintiff asserts the Magistrate Judge erred when he (1) concluded the consumer-expectation test does not apply; (2) concluded Robertshaw met its burden under the risk-benefit test; (3) failed to recognize that Plaintiff's claim regarding the allegedly defective design of the gas control valve was premised on Plaintiff's assertion that the gas control valve needed a gas detector; (4) failed to recognize that Plaintiff's failure-to-warn claim was premised on Plaintiff's assertion that there were not adequate warnings about the dangerous characteristics of LP gas and ethyl mercaptan, the need to use LP

2- ORDER

gas detectors, and the proper way to light the pilot light; and (5) failed to address Plaintiff's assertion that the gas control valve was not properly inspected and tested before sale.

**I.    Consumer-Expectations Test.**

Plaintiff objects to the following conclusion of the Magistrate Judge:

> Moreover, the consumer expectations test requires that the plaintiff demonstrate that he or she used the product "in an intended or reasonably foreseeable manner." *Barker*, 20 Cal. 3d at 432. Assuming arguendo that Bispo did not cause the gas valve failure, I nevertheless question whether Robertshaw could reasonably foresee that, in combination with high pressure in the gas line, any person would exert sufficient force on the reset button to dislodge the rubber seal.

Plaintiff asserts he "created a jury question as to whether Robertshaw should have foreseen that their safety valves could fail under high pressure situations, and permit the potential flow of unignited gas through the burner into the ambient atmosphere." Thus, Plaintiff contends the Magistrate Judge "invad[ed] the province of the jury" when he found Plaintiff did not establish that he used the product "in an intended or reasonably foreseeable manner."

The primary reason underlying the Magistrate Judge's finding that the consumer-expectations test did not apply as a matter of law was that "ordinary consumers do not have expectations regarding how or when a rubber seal on a water safety valve might fail." Under California law, the Court is required to determine

3- ORDER

whether a specific set of facts are within a consumer's "ordinary knowledge as to the product's characteristics" as a threshold question before the Court can apply the consumer-expectation test. *Soule v. Gen. Motors Corp.,* 8 Cal. 4th 548, 566 (1994). In addition, the Magistrate Judge pointed out that both party's experts were unable to reproduce a seal failure under the circumstances of this case, and the Magistrate Judge relied on that fact when he found the requirements of the consumer-expectations test were not satisfied. Thus, the Court concludes the Magistrate Judge did not decide factual issues reserved for the jury.

In summary, although Plaintiff did not object to the primary basis for the Magistrate Judge's finding that the consumer-expectations test does not apply, the Court does not find any error in the Magistrate Judge's findings on this issue.

**II.  Risk-Benefit Test**.

Plaintiff also asserts the Magistrate Judge "invad[ed] the province of the jury by making his own decision based on the facts before him" when he reached the following conclusion:

> I conclude from these undisputed facts that Robertshaw has met its burden under the risk-benefit test because the evidence indicates that the gas safety valve posed almost no risk and that no alternative design is readily available.

Plaintiff, however, does not identify any evidence in the record that establishes a genuine issue of material fact exists as to

4- ORDER

the risk posed by the gas safety valve or the availability of an alternative design.  As the Magistrate Judge noted, Plaintiff in fact failed to produce evidence of any risk posed by the specific design at issue.  To survive summary judgment, the nonmoving party must set forth facts to support his claims.  Plaintiff did not so do.

On this record, the Court finds the Magistrate Judge did not err when he concluded Robertshaw met its burden under the risk-benefit test.

### III. Need for a gas detector on the gas control valve.

Plaintiff asserts the Magistrate Judge erred when he failed to recognize that Plaintiff's claim regarding the allegedly defective design of the gas control valve was premised on Plaintiff's assertion that the gas control valve needed a gas detector.

Plaintiff points to the reports of its experts to support its assertion that the design of the gas control valve was defective because the it needed a gas detector.  The experts on which Plaintiff relies, however, do not state the design of the gas control valve was defective because of the failure to include a gas detector.  In addition, as the Magistrate Judge noted, Plaintiff asserted throughout the proceedings that White Roger's gas control valve design was a safe alternative to the one at issue even though the White Roger gas control valve does not

5- ORDER

contain a gas detection mechanism.

Based on this record, the Court finds the Magistrate Judge did not err when he concluded Plaintiff has not established a jury question as to whether the gas control valve design was defective because the gas control valve needed a gas detector.

**IV. Warning Defects**.

Plaintiff asserts the Magistrate Judge erred when he failed to recognize that Plaintiff's claims for lack of adequate warnings are premised on Plaintiff's assertions regarding the allegedly dangerous characteristics of LP gas and ethyl mercaptan, the need to use LP gas detectors, and the proper way to light the pilot light.  Plaintiff asserts the Magistrate Judge referred to the sophisticated-user defense in relation to failure-to-warn claims, but he did not indicate whether Robertshaw was entitled to the benefit of the defense.

In his Findings and Recommendation, the Magistrate Judge noted negligence and strict liability failure-to-warn claims "are susceptible to the sophisticated user defense" under California law.  The Magistrate Judge set out the standard for the defense and applied those standards to Plaintiff's failure-to-warn claims.  Although not explicitly stated, it is evident from the Magistrate Judge's reasoning and recommendation as to Plaintiff's failure-to-warn claims that the Magistrate Judge also concluded Robertshaw was entitled to the benefit of the defense.

6- ORDER

On this record, the Court does not find any error in the Magistrate Judge's reasoning or recommendation based on the underlying premise that Robertshaw is entitled to use the sophisticated-user defense as to Plaintiff's failure-to-warn claims.

**V.   Inspection and Testing of Gas Control Valve**.

Plaintiff asserts the Magistrate Judge erred when he failed to address Plaintiff's manufacturing-defect claim that the gas control valve was not properly inspected or tested prior to sale. At oral argument on Robertshaw's Motion, however, Plaintiff conceded the record does not support his manufacturing-defect claim.  The Court, therefore, declines to permit Plaintiff to reassert this claim.

In summary, the Court has considered Plaintiff's Objections and concludes they do not provide a basis to modify the Magistrate Judge's Findings and Recommendation.  This Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#226) and, therefore, **GRANTS** Defendant Robertshaw Controls Company's Amended Motion for Summary Judgment (#178) and

7- ORDER

**DENIES as moot** Defendant Robertshaw's Motion (#186) to Exclude Testimony of Experts Dunn, Stubbs & Romig.

IT IS SO ORDERED.

DATED this 12th day of November, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8- ORDER